UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALPHA CAPITAL ANSTALT,

                        Plaintiffs,

- against -

NESS ENERGY INTERNATIONAL, INC.

                        Defendant.
-----------------------------------------------------------X

Index No.: 07 Civ. 9242 (AKH)

**MEMORANDUM OF LAW**

## PRELIMINARY STATEMENT

This Memorandum is being provided in response to the Court's Order dated May 19, 2008, requiring Plaintiff Alpha Capital Anstalt ("Alpha" or "Plaintiff") to show that an anstalt is recognized under Lichtenstein law as a distinct judicial entity separate from its owners, managers, fiduciaries and beneficiaries.

## QUESTION PRESENTED

Does an anstalt have a judicial corporeity under the laws of Lichtenstein, distinct from its owners, managers, fiduciaries and beneficiaries?

## FACTS

1.     Alpha is an anstalt.[1]

2.     An anstalt is a separate judicial entity with its own judicial capacity under Liechtenstein law.[2]

3.     All persons who could be considered owners, managers, fiduciaries or

---

[1] See, the Affirmation of Konrad Ackerman dated May 20, 2008, filed together herewith (herein after the "Ackerman Affirmation") ¶ 2 and Exhibit 1 thereto.

[2] See, the Ackerman Affirmation ¶ 3 and the letter of Dr. Alexander F. Abfalterer, a Liechtenstein attorney, dated May 20, 2008 attached thereto as Exhibit 2 (the "Abfalterer Letter").

1

beneficiaries of Alpha are not United States citizens.[3]

4. Upon information and belief, at the time of filing the complaint, Defendant Ness Energy International was a Washington State corporation with a principle place of business in the State of Texas.[4]

## ARGUMENT

### I. LIECHTENSTEIN ANSTALT

The Court ordered Alpha to set forth the judicial capacity of an Anstalt under Liechtenstein law. As set forth in the Abfalterer Letter under Liechtenstein law an anstalt has its own corporate capacity.[5] The only case I found specifically regarding a Liechtenstein anstalt is *Cohn v. Rosenfeld* ("*Cohn*") from the Ninth Circuit.[6] In *Cohn* the Ninth Circuit ruled that "the relevant Liechtenstein statute states that an anstalt "is a legally independently organized enterprise."[7]

### II. ALPHA'S STATE OF FORMATION DETERMINES ITS CITIZENSHIP

**A. Citizenship of United States entities**

Under 28 USC § 1332(c), to determine the citizenship of a corporation a court looks at such corporation's state of incorporation and principle place of business.[8] In *Carden v. Arkoma Associates* ("*Carden*") the Supreme Court held that 28 USC § 1332(c) applies to corporations but

---

[3] Ackerman Affirmation ¶ 4.
[4] Complaint ¶ 2.
[5] Abfalterer Letter.
[6] *Cohn v. Rosenfeld*, 733 F.2d 625 (9th Cir. 1984).
[7] *Id.*
[8] 28 U.S.C.A. § 1332(c).

2

not to limited partnerships.[9] Subsequent lower court decisions applying Carden have held that an LLC is treated like partnership and not a corporation.[10]

## B. Citizenship of foreign entities

When determining the citizenship of a foreign entity it is necessary for the court to "determine whether the characteristics of the foreign entity are enough like those of a U.S. corporation to make "corporation" the correct translation into English."[11] As the Supreme Court previously held in *Puerto Rico v. Russell & Co.* ("*Russell*") there are certain civil law entities that are considered citizens of their state of formation.[12] While mostly limiting *Russell* to its facts and suggesting that *Russell* may be limited to a Puerto Rican *sociedad en comandita*, the Supreme Court did acknowledge that *Russell* was good law for "resolving the distinctive problem "of fitting an exotic creation of the civil law ... into a federal scheme which knew it not.""[13] I have not found any case that ruled an anstalt will not have its citizenship determined based on its state of formation. Because the Supreme Court has not yet limited *Russell* to a Puerto Rican *sociedad en comandita,* and as set forth above an anstalt is analogous to a company limited by shares, this Court should find that Alpha as an anstalt, is similar to a corporation and determine its citizenship based on its state of formation – Liechtenstein.

---

[9] *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).
[10] *See, e.g. Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *GMAC Commercial Credit LLC v. Duillard Department Stores, Inc.* 357 F.3d 827, 828 (8th Cir. 2004); *Inarco Intern. Bank N.V. v. Lazard Freres & Co.*, 1998 WL 427618 (S.D.N.Y. 1998).
[11] *Hoagland v. Sandberg, Phoenix & Von Gontard, P.C.*, 385 F.3d 737 (7th Cir. 2004) citing *Carden v. Arkoma Associates, supra,* 494 U.S. at 189-90, 110 S.Ct. 1015; *Puerto Rico v. Russell & Co.,* 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903 (1933); *Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580, 582-83 (7th Cir.2003).
[12] *Puerto Rico v. Russell & Co.,* 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903 (1933).
[13] *Carden,* 494 U.S. at 190. However the Court did

## II.  EVEN IF ALPHA'S STATE OF FORMATION DOES NOT DETERMINES ITS CITIZENSHIP DIVERSITY EXISTS

Even if the Court determines not to look to Alpha's state of formation to determine its citizenship, but rather looks to the individual members who hold the ownership interest and manage Alpha; as set forth in the Ackerman Affirmation all persons who could be considered owners, managers, fiduciaries or beneficiaries of Alpha are not United States citizens and as set forth above the defendant's citizenship is in Washington State and Texas.  Therefore, in any event, traditional complete diversity of citizenship exists between Alpha and the defendant and the Court has subject matter jurisdiction.[14]

### CONCLUSION

Based on the foregoing there is complete diversity of citizenship between the plaintiff and defendant and therefore the Court has proper subject matter jurisdiction in this case.

New York, New York  
Dated:  May 20, 2008

                      GRUSHKO & MITTMAN, P.C.

By: _____  
Eliezer Drew (ED0625)  
Attorneys for Plaintiffs  
551 Fifth Avenue, Suite 1601  
New York, New York 10176  
(212) 697–9500

---

[14] 28 U.S.C.A. § 1332(a).