## PRELIMINARY STATEMENT

The Plaintiff, Alpha Capital Anstalt ("Alpha" or the "Plaintiff"), is making this application for an order to show cause to compel the Defendant, Ness Energy International, Inc. ("Ness" or the "Defendant") to deliver to the Plaintiff the ownership of its wholly owned subsidiary Ness Energy of Israel, Inc. ("Ness Israel"), to Alpha in partial satisfaction of the judgment Alpha obtained from this Court against Ness

## QUESTION PRESENTED

Does this Court have the authority to compel the Defendant to deliver to the Plaintiff the stock certificates representing ownership of its 100% wholly owned subsidiary in partial satisfaction of a judgment the Plaintiff obtained against the Defendant?

## FACTS

1. Ness") entered into a subscription agreement (the "Subscription Agreement") executed a promissory note on May 31, 2006 (the "Note").

2. The Defendant failed to comply with the terms of the Note and the Subscription Agreement.

3. An action was started on October 16, 2007 seeking damages for breach of contract.

4. On January 18, 2008, this Court entered a default Judgment against Ness.

5. The judgment entered on the docket of the Court on January 30, 2008.

6. The Defendant is the 100% owner of a Texas corporation named Ness Israel.

1

## ARGUMENT

I. <u>APPLICABLE LAW</u>

Rule 69 of the Federal Rules of Civil Procedure governs execution on a Judgment.[1] The district court is allowed to enforce a judgment in accordance with the law of the state in which the district court sits.[2] Article 52 of the New York Civil Practice Law and Rules governs the enforcement of judgments in New York, and therefore is applies to this matter.[3]

II <u>DELIVERY OF THE STOCK CERTIFICATE</u>

Under section 5225(a), a judgment creditor can seek turnover of property held by the judgment debtor "[u]pon motion" in the original action.[4] Once the court has personal jurisdiction over the defendant, it was entitled under CPLR 5225(a) to order him to turn over property located outside of the State.[5] Under CPLR 5201(c)(4), a stock certificate is "property capable of delivery", and subject to enforcement of a money judgment.[6] Because the certificate constitutes "property capable of delivery" under CPLR 5201(c)(4), the court can, pursuant to CPLR 5225(a), order the defendant to deliver the stock certificate from outside the jurisdiction..

---

[1] F.R.C.P. 69.

[2] *Id.*

[3] *See* N.Y. C.P.L.R. art. 52; *Alliance Bond Fund, Inc. v. Grupo Mexicano De Desarrollo, S.A.*, 190 F.3d 16, 20, 21 n. 4 (2d Cir.1999).

[4] N.Y. C.P.L.R. 5225(a).

[5] *See, Starbare II Partners, L.P. v. Sloan*, 629 N.Y.S.2d 23, 23 (1st Dep't 1995).

[6] *Gallant v. Kanterman*, 249 A.D.2d 59, 62 (1st Dep't 1998).

## CONCLUSION

Based on the foregoing I respectfully request that the Court order the defendant, Ness Energy International, Inc. to immediately deliver the share certificates with duly executed indorsements representing the ownership of Ness Israel to counsel for the Plaintiff.

New York, New York
Dated: May 14, 2008

GRUSHKO & MITTMAN, P.C.

By: _____
Eliezer Drew (ED0625)
Attorneys for Plaintiffs
551 Fifth Avenue, Suite 1601
New York, New York 10176
(212) 697-9500

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
Index No.: 07 Civ. ____(___)

---

ALPHA CAPITAL ANSTALT

                                    Plaintiff,

- against -

NESS ENERGY INTERNATIONAL, INC.

                                    Defendant.

---

# MEMORANDUM OF LAW

---

*Grushko & Mittman, P.C.*
*Attorneys for Plaintiff*
*551 Fifth Avenue, Suite 1601*
*New York, New York 10176*
*(212) 697-9500*